Karine KARAKHANYAN; Gagik Hovhannisyan, Petitioners,

v.

Peter D. KEISLER \*, Attorney General, Respondent.

No. 04–71062.

United States Court of Appeals, Ninth Circuit.

---

Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, Acting Attorney General of the United States, pursuant to Fed R.App. P. 43 c 2.

Submitted Aug. 8, 2007.**

Filed Sept. 21, 2007.

Reynold E. Finnegan, Esq., Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM ***

Karine Karakhanyan and her husband, Gagik Hovhannisyan, are natives and citizens of Armenia. She petitions on their behalf for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of asylum and withholding of removal. We deny review.

The BIA ruled that Karakhanyan's claim—that she was detained and beaten by military authorities because she would not divulge the whereabouts of her son (who for religious reasons had fled Armenia rather than face military conscription)—does not constitute persecution on account of a protected ground. We agree. Generally, "punishment for evasion of military duty ... does not constitute persecution." *See Zehatye v. Gonzales,* 453 F.3d 1182, 1187 (9th Cir.2006). Moreover, there is no evidence the mother here was singled out for punishment because of her son's religion. *See id.* It is disturbing, of course, that a mother would be detained and beaten for her son's transgressions. Nonetheless, for purposes of establishing eligibility for asylum or withholding of removal, Karakhanyan was required to demonstrate that any persecution, past or future, is "on account" of one or more protected grounds. *See INS v. Elias–Zacarias,* 502 U.S. 478, 479–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). She failed to do so and thus she

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and her husband are not eligible for the requested relief.

**PETITION FOR REVIEW DENIED.**